IN THE UNITED STATES DISTRICT COURT
for the NORTHERN DISTRICT of INDIANA

| | |
|---|---|
| DAN FORTSON ) | |
| Plaintiff, ) | |
| ) | Case No. |
| v. ) | |
| ) | JURY DEMAND |
| FRONIUS USA ) | |
| Defendant, ) | |

## Complaint and Jury Demand

Plaintiff, Dan Fortson, by his attorney, complains against Defendant, Fronius USA, (hereinafter, "Defendant") as follows:

## Nature of the Action

1. This is an action brought pursuant to the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. §626, et seq. for age discrimination.

2. This action also arises under 28 U.S.C.A. §1981 for intentional acts of discrimnation taken against Plaintiff based upon his race.

3. Additionally, this action also arises under Title VII of the Civil Rights Act of 1964 as amended in 1991.

## Parties

4. Plaintiff, Dan Fortson, age 64, is an individual residing in Portage, Indiana.

5. At all relevant times to this action, Plaintiff was an employee of Defendant working at Fronius USA in Portage, Indiana.

6. On information and belief, Defendant, Fronius USA, is a domestic corporation incorporated under the laws of the State of Indiana.

7. At all relevant times, Defendant employed more than 20 people.

### Jurisdiction and Venue

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as this matter involves a federal question based upon the ADEA.

9. The Court has jurisdiction of this action under 42 U.S.C. § 1981 to redress Racial discrimination in the making and enforcement of contracts.

10. Lastly, this Court has jurisdiction of this action under Title VII of the Civil Rights of 1964.

11. The United States District Court, Northern District of Indiana is the proper venue for this action pursuant to 28 U.S.C. §1391 (b)(1) and (b)(2) because this is the District and Division in which a substantial part of the events or omissions giving rise to the claims occurred.

### Procedural Prerequisites

12. On March 2, 2020, Plaintiff filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC"), on the basis of age, race, sex and religion.

13. More than sixty days have elapsed since Plaintiff filed his charge with the EEOC.

14. Plaintiff received a right to sue letter dated March 19, 2020 and fewer than ninety days have elapsed since he received same.

### Factual Background

15. Fortson was born in 1959 and was 60 years old at the time he filed his charge of discrimination.

16. Fortson is a white/Caucasian male.

17. Fortson began working for Defendant in 2006 as an Application Engineer.

18. Fortson was one of several engineers in his department.

19. One of the engineers was an African American who transferred into his department.

20. The African American engineer is younger than Fortson.

21. The African American engineer received several write-ups during his time working for Defendant and during his tenure working in the same department as Fortson. He was not fired and is still employed by Defendant.

22. Fortson received approximately three write-ups and was summarily terminated.

## **COUNT I AGE DISCRIMNATION**

23. Plaintiff realleges and incorporates in this Count I paragraphs 1-22.

24. Fortson's age was a determning factor in Defendant's decision to fire him.

25. Defendant, by its agents, terminated Fortson and retained younger engineers with similar or more numerous write-ups

26. Defendant knowingly and willfully discriminated against Fortson on the basis of his age in violation of the ADEA by firing him while retaining younger engineers who had less seniority, all due to his age.

WHEREFORE, the Plaintiff, DAN FORTSON, by counsel, Bryan K. Bullock, requests relief of the Court consisting of all compensatory and punitive damages, equitable relief and costs, attorney fees, expert witness fees, and all other just and proper relief in the premises, against defendant.

## COUNT II: RACE DISCRIMINATION IN VIOLATION OF TITLE VII

Plaintiff, DAN FORTSON, by counsel, Bryan K. Bullock, hereby incorporates for purposes of Count II all allegations contained in rhetorical paragraphs 1 through 26, and repleads and reincorporates same as though fully set forth herein.

27. During the course and scope of Plaintiff's employment with defendant, the defendant, by its agents, servants, supervisors and/or co-employees, among others, acting within the course and scope of their employment, and in their individual capacities, demonstrated a continuous, repetitious and degenerative cycle and pattern of racial discrimination against the Plaintiff which the defendant condoned and ratified, took no action to stop, and performed willfully or wantonly against the Plaintiff, while defendant was aware or should have been aware of such misconduct by and through its agents, employees, servants and supervisors, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e)(5), as amended by the Civil Rights Act of 1991.

28. Defendant discriminated against Fortson on the basis of his race by terminating his employment on the basis of her race, by writing him up and ultimately terminating his employment all on the basis of his race, white/Caucasian.

WHEREFORE, the Plaintiff, DAN FORTSON, by counsel, Bryan K. Bullock, requests relief of the Court consisting of all compensatory and punitive damages, equitable relief and costs, attorney fees, expert witness fees, and all other just and proper relief in the premises, against defendant.

## **COUNT III: VIOLATION OF 42 U.S.C. §1981 BY RACIAL DISCRIMINATION**

The Plaintiff, DAN FORTSON, by counsel Bryan K. Bullock, hereby incorporates for purposes of Count III all allegations contained in rhetorical paragraphs 1 through 28**,** repleads and reincorporates same as though fully set forth herein.

29. Defendant has intentionally discriminated against Fortson in violation of Section 1981 of the Civil Rights Act of 1866 by maintaining a pervasive atmosphere perpetuating discrimination based on his race/Caucasian including:

    (a) maintaininig a racially hostile work environment that was severe or pervasive enough to alter his terms and conditions of employment, including by unfairly and wrongfully writing him up and terminating him on the basis of his race;

    (b) intentionally denying him the terms and conditions of employment based on his race and retaining a non-white/Caucasian employee who had less seniority than he; and

30. Defendant willfully and wantonly, with knowledge of its violation of various civil rights laws, denied Plaintiff the right to enforce the rights and benefits of his employment relationship, namely by terminating him. Damages for retaliation are unequivocally adopted by 42 U.S.C. §1981, as amended.

WHEREFORE, the Plaintiff, DAN FORTSON, by counsel, Bryan K. Bullock, requests relief of the Court consisting of all compensatory and punitive damages, equitable relief and costs, attorney fees, expert witness fees, and all other relief just and proper in the premises, against defendant.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Dan Fortson, prays for:

    a.    A settlement conference pursuant to Federal Rule of Civil Procedure 16 to assist him and defendant to settle this case;

    b.    Reinstatement to him position (or a comparable position) or, in the alternative, pay for such a position for a reasonable time into the future;

    c.    Wages, employment benefits, and other compensation lost to him as a result of defendant's discriminating against him on the basis of his race and age;

    d.    Prejudgment interest at the prevailing rate on the award of back pay, lost employment benefits, and other compensation lost to him as a result of defendant's discriminating against him on the basis of his race and age;

    e.    Compensatory damages for the harm he suffered as a result of defendant's discrimination against him on the basis of his race and age;

    f.    Exemplary damages;

    g.    Reasonable attorney's fees, expert witness fees, expenses and costs of this action and of prior administrative actions; and

    h.    Such other relief as this Court deems just and appropriate

    i.    For all other equitable and legal relief to which Plaintiff is entitled.

5.    Other such relief as may be appropriate to effectuate the purposes of the ADEA, Title VII and 28 U.S.C. §1981.

Respectfully,

_____
BRYAN K BULLOCK, Atty # 22812-45

THE LAW OFFICE OF BRYAN K. BULLOCK
Attorney for Plaintiff
9800 Connecticut Drive
Crown Point, Indiana 46307
(219) 472-1546 P
attybullock@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of June, 2020 a true and accurate copy of the above Complaint was served upon all counsel and parties of record via the court's electronic case filing (ECF) system and by depositing same in the mail by first class mail.

_____
BRYAN K BULLOCK